FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 OCT 30 PM 4: 20

CLERK____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SAMUEL PAUL SOKOLIK, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>CHATHAM COUNTY DETENTION )<br>CENTER, PRISON HEALTH SERVICES, )<br>INC., and AL ST. LAWRENCE, )<br>  )<br>  Defendants. ) | Case No. CV406-205 |

## REPORT AND RECOMMENDATION

On August 24, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, an inmate at the Chatham County Detention Center, filed the instant complaint alleging that prison medical personnel have refused to provide him with medication to treat his HIV and Hepatitis-C. Doc. 1. Plaintiff alleges that he was placed in the "core" of the jail on July 18, 2006 and was given a physical examination a few days later. Id. Plaintiff informed the doctor that he had tested positive for HIV and Hepatitis-C and that "[his] abdomen sometimes swells and produces sharp, debilitating

pains." Id. Plaintiff alleges that a prison physician employed by Prison Health Services[1] refused to treat plaintiff's Hepatitis-C and has delayed proper attention to plaintiff's HIV. Id. Plaintiff contends that he filed grievances concerning his need for the medication but has not received any medication and that this denial "continues to cause irreversable [sic] damage to [his] body and its organs." Id.

The Eighth Amendment requires prison authorities to provide medical care for those they incarcerate, and the Supreme Court has held that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 103, 105 (1976). The Eleventh Circuit has held that "when the state contracts out its medical care of inmates, the obligations of the Eighth amendment attach to the persons with whom the state contracts." Howell v. Evans, 922 F.2d 712, 724 (11th Cir. 1991). Thus, a private corporation under contract to provide medical services for prisoners can be a person acting under color of state law for the purposes of § 1983. Id. Plaintiff states that when he did

---

[1]Plaintiff refers to this defendant as "Prison Health System" in the caption and as "Prison Health Services" in the body of his complaint. The Court recognizes that Prison Health Services, Inc. is the proper name of this defendant, and the Clerk is DIRECTED to amend the docket sheet to reflect this change.

not receive the medication he requires for his HIV and Hepatitis-C, he "sought help from Prison Health Services and Dr. Lewin[2] because they are the only source available to [him]." Doc. 1, at 5. Plaintiff alleges that his requests for help have been denied and that he has yet to receive the proper medication. Id. These facts, as stated by plaintiff and read in a light most favorable to him, state a cognizable claim on which relief may be granted against defendant Prison Health Services, Inc.

Plaintiff also names Chatham County Detention Center and Chatham County Sheriff Al St. Lawrence as defendants to this action. Doc. 1. Plaintiff, however, has failed to state a claim for relief against either of these defendants. The Chatham County Detention Center has no independent legal identity and therefore is not an entity that is subject to suit under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *3 (N.D. Tex. March 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police department and detention center not entities

---

[2] Plaintiff does not name Dr. Lewin as a defendant in this action. Doc. 1, at 4.

capable of being sued).

Plaintiff's claims against defendant St. Lawrence appear to be based solely on his position as sheriff of Chatham County. Plaintiff fails to offer any specific allegations as to how Sheriff St. Lawrence contributed to the alleged deprivation but only mentions St. Lawrence in the body of his complaint as the supervisor of the jail. Claims brought pursuant to § 1983, however, cannot be based upon theories of respondeat superior or vicarious liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). Rather, plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the injury allegedly sustained. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing a supervisory official promulgated or implemented an official policy or failed to act after a history of widespread abuse put the official on notice of the need to take corrective action. Cottone, 326 F.3d at

1360; Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d at 1320. Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). "'The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.'" Cottone, 326 F.3d at 1360 (citation omitted).

Plaintiff fails to allege any causal connection between the actions of defendant St. Lawrence and his injuries. It is true that plaintiff claims to have filed grievances complaining of the denial of his necessary medicine. Even assuming that the sheriff actually reviewed any such grievance, merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Owens v. Leavins, 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006). Jail officials who lack medical training are generally entitled to rely upon the expertise of their prison

medical staff. Absent evidence of continued abuse of inmates or a repeated failure to attend to their serious medical needs, a supervisory official is entitled to assume that the prison physicians and nurses are responding appropriately to a prisoner's medical complaints. Id. Plaintiff has made no allegation here of notorious and persistent abuse sufficient to impute knowledge to the sheriff that the prison medical staff regularly deprives inmates of their constitutional right to adequate medical care. Consequently, plaintiff's claims against defendant St. Lawrence must be DISMISSED.

Based on the foregoing, it is recommended that plaintiff's complaint be served only upon defendant Prison Health Services, Inc. Plaintiff's complaint against the Chatham County Detention Center and Sheriff Al St. Lawrence should be DISMISSED.[3]

**SO REPORTED AND RECOMMENDED** this 27TH day of **October, 2006.**

UNITED STATES MAGISTRATE JUDGE
**SOUTHERN DISTRICT OF GEORGIA**

---

[3] Plaintiff has also filed several motions related to discovery. Docs. 8, 9, 10. These motions are DENIED, as no defendant has been served and the discovery period has yet to commence.