UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

SAMUEL PAUL SOKOLIK,)
)
    Plaintiff,)
)
v.) Case No. CV406-205
)
PRISON HEALTH SERVICES, INC.,)
)
    Defendant.)

## ORDER

Before the Court are a host of motions filed by the pro se plaintiff in this § 1983 action, which alleges that defendant provided plaintiff inadequate medical care during his confinement at the Chatham County Detention Center. Docs. 23, 24, 25, 27, 30, and 37.

Plaintiff seeks a "judgment by default" on the ground that Prison Health Services, Inc. ("PHS") failed to file a timely answer to the complaint. Doc. 30. Although the U.S. Marshal forwarded a waiver of service of summons form to defendant by certified mail on December 4, 2006, defendant has demonstrated that it did not receive notice of the

suit until February 27, 2007 and that it timely returned the waiver on March 14, 2007. Doc 35. Even if plaintiff could establish that defendant received the waiver of service form at some earlier time, plaintiff would not be entitled the entry of a default, for "[i]f a defendant receives mail service, but chooses not to respond, the plaintiff must effect personal service. The defendant's actual notice of the lawsuit does not eliminate this requirement." Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991). Here, neither the Marshal nor the plaintiff perfected personal service upon defendant. Thus, service was not effective until plaintiff received and acknowledged the second waiver of service form forwarded by the Marshal on February 22, 2007. As defendant timely filed its answer on March 20, 2007, plaintiff's motion for default judgment is without merit and is DENIED.[1]

Plaintiff has filed a motion to amend his complaint so that he may add two new claims. Doc. 25. Fed. R. Civ. P. 15(a) allows a party to amend its "pleading once as a matter of course at any time before a responsive pleading is served. . ." As plaintiff's motion to amend was filed before any responsive pleadings were served by defendant, plaintiff

---

[1]Plaintiff's motion for service by publication, doc. 24, is DENIED as moot.

is entitled to amend his complaint even if the asserted claims are ultimately found to be unmeritorious. Plaintiff's motion to amend, doc. 25, is therefore GRANTED.

Plaintiff has also filed a motion to amend the complaint to add an additional defendant, Dr. Lewin. Doc. 23. In a previous Report and Recommendation, after conducting an initial screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court recommended that only one of the defendants, Prison Health Services, Inc., be served with the complaint and that the remaining defendants be dismissed. Doc. 12. That Report was adopted by order of the district judge. Doc. 17. It is appropriate for the Court to conduct the same initial screening process with respect to the defendant that plaintiff seeks to add as a party to this litigation. See 28 U.S.C. § 1915A.

Plaintiff alleges that Dr. Lewin was the prison physician who refused to treat plaintiff's hepatitis C and HIV. The Eighth Amendment proscription of cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment's due process clause, imposes a constitutional obligation upon the states to provide adequate medical care to those whom it has incarcerated. Estelle v. Gamble, 429 U.S. 97,

3

103 (1976). A prison physician's knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference and violates this standard. Carswell v. Bay County, 854 F.2d 454, 457 (11th Cir. 1988); Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985). Therefore, plaintiff's motion to amend, doc. 23, is GRANTED, and the Clerk is DIRECTED to forward a copy of the amended petition and this Order to the Marshal for service upon defendant Dr. Lewin.

Petitioner has also filed a motion to amend his complaint with regard to relief sought. Doc. 27. Whereas plaintiff's original complaint asked the Court to "decide on a sum reasonably fit to cover damages," doc. 1, plaintiff now requests $2 million in compensatory damages and injunctive relief in the form of medication for his illnesses. Plaintiff's motion to amend is GRANTED.

On November 13, 2006, the Court granted plaintiff's motion for jury trial, doc. 14, but directed plaintiff "to demonstrate, through the filing of an appropriate certificate of service, that he has mailed copies of the demand for jury trial to the defendants. . ." Doc. 16. On November 22, 2006, plaintiff filed the certificate of service as directed. Doc. 18. On

4

January 8, 2007, plaintiff filed a motion for trial by judge, doc. 28, in which he requested that the Court set aside his earlier motion for trial by jury. More recently, plaintiff filed a motion for reconsideration of the motion for jury trial on February 22, 2007. Doc. 29. In plaintiff's motion for reconsideration, he notes that he erred in filing the motion for trial by judge. In accordance with plaintiff's most recent inclination, the motion for trial by judge, doc. 28, is withdrawn, and the Clerk is DIRECTED to note the jury trial demand on the docket as required by Fed. R. Civ. P. 39.

Plaintiff has submitted an affidavit alleging that defendant is intentionally interfering with his rights under the Open Records Act by not providing him a copy of any contract between the City of Savannah and defendant, as he requested. Doc. 32. Defendant responded that there was no contract between defendant and the city and, therefore, that there are no documents applicable to plaintiff's request. Id., Ex. A. Plaintiff has provided no evidence that such a contract exists. To the extent plaintiff is seeking to compel discovery from defendant, his motion is DENIED.

Finally, plaintiff states that defendant's counsel's, Ms. Catherine M. Palumbo's, representation of both defendant PHS and the City of Savannah creates a conflict of interest that should preclude her from handling this case. <u>Id.</u> It is unclear how joint representation of the City of Savannah and defendant amounts to a conflict of interest, particularly where the city is not a party to this suit. In any event, plaintiff has not demonstrated any reason for disqualifying Ms. Palumbo.[2]

A word of advice to plaintiff: now that defendant PHS has filed its answer, plaintiff should focus his energies on pursuing any necessary discovery and marshalling the evidence he will need to prove his allegations at trial or respond to any summary judgment motion defendant may wish to file. The continual filing of motions with the Court is counterproductive and a likely waste of plaintiff's time, for it detracts from plaintiff's main objective, which should be the preparation of his case for trial. Plaintiff is further advised that in the typical civil case the Court never becomes involved in the discovery process, which is a self-executing mechanism under the federal rules, and the Court is

---

[2] Plaintiff's motion to compel the Court to rule upon his motions, doc. 37, is DENIED as moot.

confident that defense counsel will respond to any of plaintiff's <u>legitimate</u> requests for discovery.  Plaintiff is reminded that he **should not** file any discovery requests with the Court but should simply forward those requests to defendant's counsel.  Only if the parties become embroiled in some discovery dispute that they are unable to resolve after making a good faith effort to do so does the Court become involved in discovery matters.  Plaintiff is advised that discovery disputes are the *exception* rather than the rule in civil litigation.  Plaintiff need not file repeated motions in order to prosecute this action.

**SO ORDERED** this 4$^{7h}$ day of **April, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA