FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 MAY 18 PM 4: 46

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SAMUEL PAUL SOKOLIK,               )
                                   )
     Plaintiff,                     )
                                   )
v.                                 )    Case No. CV406-205
                                   )
PRISON HEALTH SERVICES, INC.,      )
and DR. LEWIN,                     )
                                   )
     Defendants.                    )

## O R D E R

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 on August 15, 2006, and the Court granted his motion to proceed in forma pauperis on August 24, 2006. Docs. 1, 3. Plaintiff filed an amended complaint adding defendant Dr. Lucas Lewin on December 11, 2006, which the Court granted on April 4, 2007. Docs. 23, 41. Because plaintiff has been allowed to proceed in forma pauperis, he is entitled to have the United States Marshal effect service on Dr. Lewin. See Fed. R. Civ. P. 4(c)(2); Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir. 1990). Therefore, following the Court's initial screening of plaintiff's amended complaint and determination that he had stated a colorable claim for

relief under § 1983 against Dr. Lewin, the Court directed the Marshal to serve a copy of plaintiff's complaint on him. Doc. 41. The Marshal promptly sent a request for a waiver of service to Dr. Lewin at the address plaintiff provided: Chatham County Jail, 1050 Carl Griffin Drive, Savannah, Georgia 31405. That request was returned unexecuted, with a letter from defendant Prison Health Services, Inc.'s attorney stating that Dr. Lewin no longer worked for them and was thus not available at their address. Doc. 46. Plaintiff requests that the Marshals find Dr. Lewin and effect service upon him.[1]

By virtue of his in forma pauperis status, plaintiff is "entitled to rely on the court officers and the United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on [plaintiff's] part." Fowler, 899 F.2d at 1095. However, "'a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which plaintiff has knowledge.'" Id. (quoting Rochon v.

_____

[1]Plaintiff incorrectly cites Fed. R. Civ. P. 5(b) as requiring the Marshals to locate the defendant. Doc. 52. Plaintiff further alleges that it is Prison Health Services, Inc.'s attorney's responsibility to locate Dr. Lewin, apparently believing that she is also his attorney, but as she has not entered her appearance on Dr. Lewin's behalf, there is no support for this notion. Id.

Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)); see also Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) ("dilatory conduct by the prisoner in supplying [the Marshal with] identifying information flunks the good-cause requirement" of Rule 4(m)).

It is thus plaintiff's responsibility to provide an accurate address at which Dr. Lewin can be served. See Douse v. Brown, 2006 WL 2536805, *3 (M.D. Fla. Aug. 31, 2006) ("When a plaintiff fails to provide the Court with valid addresses for the defendants, the Court cannot meet this responsibility" of effectuating service on behalf of an indigent plaintiff.) If plaintiff fails to timely provide an address where Dr. Lewin may be served, his dismissal from this action will likely become appropriate under Fed. R. Civ. P. 4(m). Id.; Gambuti v. Georgia, 2007 WL 1087441, *1 (M.D. Ga. Apr. 9, 2007). Plaintiff's request, doc. 52, is DENIED.

**SO ORDERED this** _18th_ **day of May, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA