# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| SAMUEL PAUL SOKOLIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV406-205 |
| | ) |
| PRISON HEALTH SERVICES, INC., | ) |
| and DR. LUCAS LEWIN, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On August 15, 2006, Samuel Sokolik, an inmate at the Chatham County Detention Center (the "jail"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Prison Health Services, Inc. violated his Eighth Amendment rights by showing deliberate indifference to his serious medical needs.[1] Doc. 1. After filing his original complaint, Sokolik moved to add additional claims and to add Dr. Lucas Lewin, a jail physician, as a

---

[1] Sokolik's initial complaint also named Chatham County Sheriff Al St. Lawrence and the Chatham County Detention Center as defendants. Doc. 1. On October 30, 2006, the Court issued a report and recommendation recommending that the sheriff and detention center be dismissed as defendants in this action. Doc. 12. The district judge adopted that report and recommendation on November 21, 2006. Doc. 17.

defendant. Docs. 23, 25. The Court granted those motions on April 4, 2007. Doc. 28.

The defendants have filed a partial motion to dismiss Sokolik's amended complaint, alleging that he has failed to pursue the administrative remedies available to him for almost all of his asserted grounds for relief. Doc. 86. For the reasons set forth below, the defendants' motion should be **GRANTED**.

## I. FACTUAL BACKGROUND

Sokolik alleges that on July 5, 2006 he received a physical examination, during which he informed Lewin, the examining physician, that he was infected with both Hepatitis-C and HIV. Doc. 1. He further asserts that neither Lewin nor anyone else from Prison Health Services provided a prompt response to his request for medication, causing him to experience pain and suffering. Id.

Sokolik's amended complaint includes more allegations of misconduct by Lewin. Regarding his HIV and Hepatitis-C related medical needs, Sokolik asserts he still has not received any medication, although he

underwent a blood test, which apparently was given for the specific purpose of determining the proper course of treatment for his HIV and Hepatitis-C. Doc. 25.

In addition, Sokolik alleges that he received inadequate treatment on July 3, 2006, after he suffered a broken nose during an physical altercation. Id. His principal complaint is that the nurse who treated him did not x-ray or otherwise examine his nose properly, thereby failing to discover that his nose was broken. Id. Because of that allegedly inadequate exam, he now has problems breathing and sleeping. Id.

Sokolik's third claim is that on June 18, 2006, Lewin knowingly and deliberately failed to provide proper care for an ear infection he was experiencing. Id. Sokolik asserts that Lewin's deficient care resulted in his "ear explod[ing and] discharging a mixture of blood and something else. [Which caused] . . . complete hearing loss in [Sokolik's] right ear," which has only returned in part. Id. at 5.

In addition to those three claims, all of which were alleged in either the original or amended complaint, Sokolik has filed numerous documents titled "Notice of Facts" in which he alleges other Eighth Amendment

violations. Within those documents Sokolik not only explains in greater detail the inadequate treatment he received for the three claims listed in his complaints, he also alleges he received constitutionally deficient medical care for flu symptoms, heart palpitations, and depression. Docs. 61, 68, 69, 72, 73, 74.

Sokolik now seeks monetary damages for his physical and mental suffering and an injunction ordering Prison Health Services to provide him with the requested treatment. Doc. 25. In response, the defendants have filed a partial motion to dismiss, alleging that, except for alleged need for Hepatitis-C medication, Sokolik has failed to pursue any administrative remedies in response to defendants' alleged mistreatment. Doc. 86. Sokolik did not file a timely response to the defendants' motion. Doc. 87.

## II. LEGAL ANALYSIS

### A. The PLRA Exhaustion Requirement

The procedures governing civil actions filed by prisoners are set forth in the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321–71. Under the PLRA's exhaustion provision, a prisoner

4

must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."). The Eleventh Circuit has made clear that the mandatory exhaustion requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." Harris v. Garner, 190 F.3d 1279, 1285–86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998)), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970, 972 (11th Cir. 2000).

The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement, announcing that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918–19 (2007); see also Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life). Not only does the PLRA require exhaustion, it "requires proper

exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

Proper exhaustion requires an inmate to "us[e] all steps" in the administrative process and to comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. Id. at 2385–86 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," an inmate has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Furthermore, because a motion contesting a prisoner's exhaustion of administrative remedies does not reach the merits of his underlying claim, "the court may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Sterling v.

Smith, 2007 WL 1542538 (S.D. Ga. May 23, 2007).

**B. Analysis of Defendants' Motion to Dismiss**

In support of their contention that all but one of Solokik's claims should be dismissed for failure to exhaust his administrative remedies, the defendants have produced two exhibits. The first exhibit is a copy of the jail's inmate handbook, which is given to every inmate upon booking at the detention center. Doc. 86 ex. 1. Printed on pages 29-30 of that handbook is a clear, specific explanation of the jail's grievance procedures, which allow inmates to bring concerns about their personal treatment to the attention of jail officials. Id.

The second exhibit consists of thirteen grievance forms Sokolik has filed to complain about his personal treatment in the jail. Doc 86 ex. 2. Those grievances raise a variety of complaints, ranging from a lack of mouthwash to physical abuse by a jail officer. Id. But with the exception of an August 4, 2006 grievance complaining that he had not received Hepatitis-C medication, none of Sokolik's grievances requests relief for the harms he alleges in his original and amended complaints.

The defendants assert that those grievance forms represent all of the

grievances Sokolik has filed while incarcerated at the jail. Doc. 86. If that is correct, it follows that Sokolik has properly exhausted his administrative remedies on his Hepatitis-C claim only, with the other asserted grounds for relief subject to mandatory dismissal under 42 U.S.C. § 1997e(a).[2]

The Court agrees with the defendants. As evidenced by Sokolik's previously filed grievance forms, he is both aware and capable of pursuing his administrative remedies. Furthermore, as the defendants correctly point out, Sokolik has failed to respond to their partial motion to dismiss with any evidence of exhaustion. Doc. 87. And the Court does not see any such evidence anywhere in the record. Despite his numerous filings, and

---

[2] The Court notes that in his amended complaint Sokolik alleges that he could not file a grievance about his allegedly broken nose because he had "lost his privileges," including the privilege of using a writing instrument. Doc. 25 at 4. Even if the Court construed that as a valid reason for not exhausting his administrative remedies, Sokolik has failed to state a valid Eighth Amendment deprivation regarding his injured nose. He acknowledges that the nurse who treated him after the altercation leading to the nose injury examined his nose as part of her treatment. Doc. 72. That nurse's notes, which Sokolik attached to one of his filings, indicates that he was given an ice pack to control swelling. Id. at ex. A. More telling, however, is Sokolik's comment that "No member of Prison Health Services, Inc. followed up with Plaintiff sua sponte despite [the] record of [the] emergency." Doc. 72. A failure to follow up on a nurse's notations would constitute, at best, mere negligence or malpractice–neither of which is sufficient to establish an Eighth Amendment violation. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Mere negligence or malpractice does not violate the eighth amendment. Medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the eighth amendment."). Furthermore, Sokolik's allegations do not connect defendant Lewin to this incident in any way at all.

the exhibits attached to those filings, Sokolik has produced no documentation indicating he filed grievances for any of the misconduct alleged in his complaint, except for the grievance in which he requested Hepatitis-C medication. Therefore, defendants' partial motion to dismiss should be **GRANTED**. All of Sokolik's claims, except for his claim for failure to receive his Hepatitis-C medication, should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this _16TH_ day of November 2007.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**