# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SAMUEL PAUL SOKOLIK, )
)
    Plaintiff, )
)
v. ) Case No. CV406-205
)
PRISON HEALTH SERVICES, INC., )
and DR. LUCAS LEWIN, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

On August 15, 2006, Samuel Sokolik, an inmate at the Chatham County Detention Center (the "jail"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Prison Health Services, Inc. exhibited deliberate indifference to his serious medical needs.[1] (Doc. 1.) After filing his original complaint, Sokolik moved to assert additional claims and to add Dr. Lucas Lewin, a jail

---

[1] Sokolik's initial complaint also named Chatham County Sheriff Al St. Lawrence and the Chatham County Detention Center as defendants. (Doc. 1.) On October 30, 2006, the Court recommended that the sheriff and the detention center be dismissed as defendants in this action. (Doc. 12.) The district judge adopted the Report and Recommendation on November 21, 2006. (Doc. 17.)

physician, as a defendant. (Docs. 23, 25.) The Court granted those motions on April 4, 2007. (Doc. 28.) On November 16, 2007, the Court issued a Report and Recommendation recommending that all of Sokolik's claims, except for his claim for failure to receive his Hepatitis-C medication, be dismissed. (Doc. 90.) The district judge adopted that Report and Recommendation on December 11, 2007. (Doc. 103.)

The defendants have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure arguing that there are no genuine issues of material fact requiring a trial. (Doc. 107.) Included with their motion is a statement of uncontested material facts and a supporting brief. (Docs. 110, 109.) Sokolik has not filed a response to the motion, indicating a lack of opposition.[2] See Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to [the] motion."). In addition, all material facts set forth in defendants' statement of material facts will be deemed admitted for

---

[2] The Court is aware that plaintiff moved just five days after the defendants filed their motion for summary judgment. (Doc. 111.) Although the initial notice of filing the motion for summary judgment was returned as undeliverable on January 8, 2008, the plaintiff was re-served at his new address on that same day. (Doc. 112.)

purposes of this summary judgment motion since plaintiff failed to controvert them by a statement served on the defendants. Local Rule 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.").

I. **BACKGROUND**

Sokolik alleges that Prison Health Services, Inc. (which has contracted to provide medical services to detainees and inmates at the jail) and Dr. Lucas Lewin were deliberately indifferent to his serious medical needs by failing to treat his Hepatitis C. (Doc. 1 at 5.) Specifically, he asserts that he received no medication for his Hepatitis C during certain periods of his confinement. (Doc. 25.) Defendants argue that plaintiff has produced no evidence suggesting that Prison Health Services has a custom or policy which caused any injury to plaintiff and, further, that Dr. Lewin was not deliberately indifferent to plaintiff's medical needs. (Doc. 109 at 3-5.)

Sokolik began his incarceration at the Chatham County Jail on June 16, 2006. (Doc. 110 at 1.) On June 18, 2006, the medical staff at the jail evaluated Sokolik and made a notation of his Hepatitis C in his chart. (Id.) During this appointment, Sokolik told the doctor that Keflex was the only medication he currently took. (Id.) On June 20, 2006, Dr. Lewin again saw Sokolik and continued his prescription for Keflex. (Id.) Dr. Lewin next examined Sokolik on July 18, 2006, at which time he scheduled an appointment for Sokolik to have blood drawn so that laboratory tests could be performed to determine the status of his Hepatitis C. (Id.)

On August 5, 2006, Sokolik filed a grievance complaining that he had not received any Hepatitis C medications. (Id. at 2.) However, Sokolik was not then exhibiting any signs or symptoms of Hepatitis, and he was already scheduled for a follow-up appointment with Dr. Lewin. (Id.)

Dr. Lewin saw Sokolik again on September 5, 2006, at which time blood work was done. (Id.) On that date, Sokolik was in stable condition and not exhibiting any symptoms. (Id.) Dr. Lewin

reviewed plaintiff's lab results on October 11, 2006 and determined that his liver enzymes were normal and his condition stable. (Id.) Upon examination of the test results, Dr. Lewin determined that Sokolik should not be placed on medication for Hepatitis C. (Id.) Instead, Dr. Lewin placed him on chronic care so that his condition could be monitored every six months unless he had any complaints or there was a change in his condition. (Id.)

In October 2006, Dr. Lewin voluntarily resigned from his position at Chatham County Jail in order to pursue other employment. (Id.) Sokolik made no further complaints regarding his medical condition, other than for a cut on his knee and a request to see a dentist for a routine teeth cleaning. (Id.)

## II. LEGAL FRAMEWORK

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c) (as amended 12/01/07). To survive a motion for summary judgment, the nonmoving party must establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). If the record taken as a whole would preclude a rational fact finder from deciding in the non-moving party's favor, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

### B. Deliberate Indifference

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003); Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000);

Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). "First, a plaintiff must set forth evidence of an objectively serious medical need." Farrow, 320 F.3d at 1243; Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. "Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow, 320 F.3d at 1243; Farmer v. Brennan, 511 U.S. 825, 834 (1994); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999).

In order to establish a serious medical need, an inmate must show a medical need "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, 320 F.3d at 1243 (citations omitted). It "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Id. (citation omitted).

"[A]n official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." McElligott,

7

182 F.3d at 1255 (quoting Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997)); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference"). With these considerations in mind, the Court will now turn to plaintiff's asserted grounds for relief.

### III. ANALYSIS

Although Hepatitis C certainly constitutes a serious medical need, Sokolik has failed to produce evidence establishing that defendants were deliberately indifferent to his needs.

First, Sokolik has failed to present any evidence indicating that Prison Health Services directly participated in any decision to deny him medication or had a custom or policy that contributed to his alleged injury. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (foreclosing respondeat superior as a basis for § 1983 liability); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (noting that municipalities can only be held liable under § 1983 if they have a policy that caused a constitutional tort); see also

Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997) (holding that when a private entity like Prison Health Services contracts with a county to provide medical services to inmates, it becomes the functional equivalent of a municipality). Therefore, plaintiff's claims against Prison Health Services must fail.

In addition, the evidence shows that far from being deliberately indifferent to his medical needs, the defendants continuously monitored Sokolik's condition during his incarceration. Dr. Lewin determined that Sokolik should not be placed on Hepatitis C medication after examining lab results which showed that plaintiff's liver enzymes were normal and his condition was stable. (Doc. 110 at 2.) A § 1983 claim "does not lie if a prisoner's complaint is directed at the wisdom or quality of medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." Brown v. Prison Health Servs., Inc., 2008 WL 131168, *3 (S.D. Ga. 2008) (quoting Brinton v. Gaffney, 554 F. Supp. 388, 389 (E.D. Pa. 1983)). Even a claim for negligence would probably fail in this case, as Sokolik failed to allege any harm caused by defendants' actions.

## IV. CONCLUSION

Because Sokolik has failed to present evidence raising any genuine issues of material fact requiring a trial, and because defendants have demonstrated that they are entitled to judgment as a matter of law, defendants' motion for summary judgment pursuant to Rule 56(c) should be **GRANTED**.

**SO REPORTED AND RECOMMENDED** this 19Th day of February, 2008.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA